UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-2816

Poker Unicorns LLC

    Plaintiff,

v.

Jacob Lively, Barry Lively, Johnny Paglino,
Kim Lively Puleo, Ellen Holmgren, and
Mark Lively

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, Poker Unicorns LLC ("Plaintiff Poker Unicorns"), by and through undersigned counsel, sues Defendants Jacob Lively ("Jacob"), Barry Lively ("Barry"), Johnny Paglino ("Johnny"), Kim Lively Puleo ("Kim"), Ellen Holmgren ("Ellen"), and Mark Lively ("Mark) states as follows:

## PRELIMINARY STATEMENT

1. Defendants stole cryptocurrency from Plaintiff Poker Unicorns valued at total of two million seven hundred eighty-one thousand and two hundred and eighty-one dollars ($2,781,281.00).

2. Defendants played a material role in the theft of Plaintiff's assets, and upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover their stolen assets.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5. Plaintiff Poker Unicorns LLC is a limited liability company organized under the laws of the State of Texas.

6. Defendant Jacob is a citizen of Utah, and resides at 321 Jungfrau Hill Rd, Midway, Utah 84049.

7. Defendant Johnny is a citizen of Utah, and resides at 326 E Leslie Ave, Salt Lake City, Utah 84115.

8. Defendant Kim is a citizen of Florida, and resides at 4628 34th Ave N, St Petersburg, Florida.

9. Defendant Barry is a citizen of Florida, and resides at 4628 34th Ave N, St Petersburg, Florida.

10. Defendant Ellen is a citizen of Utah, and resides at 321 Jungfrau Hill Rd, Midway, Utah 84049.

11. Defendant Mark is a citizen of Florida, and resides in Palm City, Florida.

12. Diversity jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship among Plaintiff and the Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendant Kim, Defendant Mark, and Defendant Barry are subject to jurisdiction in this district.

## FACTUAL BACKGROUND

14. Poker Unicorns LLC is and was in the business of hosting parties where attendees played poker amongst themselves, and Poker Unicorns LLC helped to facilitate the poker games by holding player funds during the course of the game.

15. On December 9, 2021, Poker Unicorns LLC hosted a party in Puerto Rico.

16. At this party, a minimum of two million seven hundred eighty-one thousand and two hundred and eighty-one dollars ($2,781,281.00) was entrusted to Poker Unicorns LLC for the poker games the party attendees played amongst themselves, which was all paid in various cryptocurrency. In addition, a minimum of $170,000 was paid in entry fees.

17. On December 9, 2021, Defendant Jacob was a contractor working full time for Poker Unicorns, who led all operations for the different Poker Unicorn parties.

18. As a contractor of Poker Unicorns, Defendant Jacob was entrusted by Poker Unicorns to hold party attendee funds that played Poker including printing the cards with the cryptocurrency wallet addresses to be used by players to send cryptocurrency for safe keeping during their poker games. In addition, Defendant Jacob had access to the Poker Unicorns LLC cryptocurrency wallets in which participants of the event, hosted on December 9, 2021, sent cryptocurrency.

19. The morning of December 10, 2021, Defendant Jacob left Puerto Rico on 5 a.m. flight, which was an hour and half earlier than his originally scheduled flight back to Austin, Texas. Specifically, Defendant Jacob flew to Salt Lake City, Utah.

20. Between on or about December 9, 2021, through December 12, 2021, Defendant Jacob transferred, without permission, all cryptocurrency sent to Poker Unicorns LLC for

safekeeping to his own digital wallet or to the digital wallets of Defendant Barry, Defendant Johnny, Defendant Kim, Defendant Mark, and Defendant Ellen.

21. On or about December 10, 2021, Defendant Jacob deleted his Whatsapp Account so that he could not be contacted by Poker Unicorns LLC or any other participants of the Poker Unicorn parties.

22. On or about December 12, 2021, Defendant Jacob sent a message to the Poker Unicorns LLC owner where he pretended to be committing suicide and took responsibility for the negative impacts his theft would have on the Poker Unicorns LLC owner.

## **COUNT I - CONVERSION**

23. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 22 above as if fully and expressly set forth herein and further alleges as follows.

24. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

25. Defendant Jacob, Defendant Barry, Defendant Johnny, Defendant Kim, Defendant Mark and Defendant Ellen converted Plaintiff's funds to their own use or to the use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

26. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiffs Poker Unicorns LLC demand that judgment be entered against Defendants Jacob Lively, Johnny Paglino, Kim Lively Puleo, Ellen Holmgren, and Mark Lively for damages, interest, costs, temporarily and preliminarily restraining and enjoining Defendants from transferring any funds and such other and further relief as this Court deems just and proper.

## COUNT II - IMPOSITION OF A CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

27. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 22 above as if fully and expressly set forth herein and further alleges as follows.

28. This is an action to impose a constructive trust and disgorgement of funds upon the property taken from Plaintiff that are currently held and/or controlled by Defendants, individually or jointly in any combination, in bank accounts and/or at cryptocurrency exchanges, including but not limited to: Binance, FTX, OKX, Gate.io, and Kraken, cryptocurrency wallets not connected to an exchange, or in physical cash.

29. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

30. As set forth above, Defendants -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

31. Any and all assets being held by Defendants, individually or jointly in any combination, , in bank accounts and/or at cryptocurrency exchanges, including but not limited to: Binance, FTX, OKX, Gate.io, and Kraken, cryptocurrency wallets not connected to an exchange, or in physical cash must be held in trust for Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

32. The cryptocurrency identified herein must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

WHEREFORE, Plaintiff Poker Unicorns LLC demand the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendants Jacob Lively, Johnny Paglino, Kim Lively Puleo, Ellen Holmgren, and Mark Lively in the identified, and any other, cryptocurrency wallet addresses, temporarily and preliminarily restraining and enjoining Defendants from transferring any funds and further demands that the wrongfully obtained property be restored to Plaintiff.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Victor A. Ruiz*
Victor A. Ruiz, Esq.
Florida Bar No. 85353
**VICTOR A. RUIZ, P.A.**
8660 W. Flagler Street
Suite 100
Miami, Florida 33144
Email: Victor@ruiz.legal

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on this 29th day of January 2024, through the Clerk of the Court by using the CM/ECF system to counsel of record.

/s/ *Victor A. Ruiz*

Victor A. Ruiz, Esq.
Florida Bar No. 85353
**VICTOR A. RUIZ, P.A.**
8660 W. Flagler Street
Suite 100
Miami, Florida 33144
Email: Victor@ruiz.legal