```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

POKER UNICORNS LLC,

      Plaintiff,

v.                                   Case No.: 8:23-cv-2816-VMC-AAS

JACOB LIVELY, BARRY LIVELY,
JOHNNY PAGLINO, KIM PULEO
LIVELY, ELLEN HOLMGREN, and
MARK LIVELY,

      Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff's Motion for Temporary Restraining Order Pending Hearing on Preliminary Injunction (Doc. # 17), filed on March 4, 2024. For the reasons that follow, the Court denies the Motion to the extent it seeks a temporary restraining order. But, to the extent the Motion seeks a preliminary injunction, the Court defers ruling until a hearing is held.

**Discussion**

On the basis of the amended complaint (Doc. # 1), as well as the Motion for Temporary Restraining Order Pending Hearing on Preliminary Injunction (Doc. # 17), this Court finds that Plaintiff has not met its initial burden for the issuance of a temporary restraining order pursuant to Federal

1

Rule of Civil Procedure 65 and Middle District of Florida Local Rule 6.01.

A court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The movant bears the burden of establishing entitlement to a temporary restraining order." Edwards v. Cofield, No. 3:17-CV-321-WKW, 2017 WL 2255775, at *1 (M.D. Ala. May 18, 2017) (citing Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001)).

"Before addressing whether [Plaintiff has] met this four-prong showing, however, the Court must first consider whether [Plaintiff has] shown adequate justification for failing to give notice to the Defendants." Emerging Vision, Inc. v. Glachman, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), report and recommendation adopted, No. 10-80734-CIV, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010).

A court may issue a temporary restraining order without notice to the adverse parties or their attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

"To obtain *ex parte* relief, a party must strictly comply with these requirements. They are not mere technicalities, but establish minimum due process." Emerging Vision, Inc., 2010 WL 3293346, at *3 (citations and internal quotation marks omitted). A plaintiff cannot evade the requirements of Rule 65(b)(1) and "obtain an *ex parte* restraining order by merely pointing to the merits of its claims. Indeed, such an argument would swallow Rule 65(b)(2)'s requirement that the court consider not only the 'need for the restraining order,' but also 'the need for proceeding *ex parte*.'" Adobe Sys., Inc. v. S. Sun Prod., Inc., 187 F.R.D. 636, 641 (S.D. Cal. 1999) (citations omitted).

Here, Plaintiff has not complied with either aspect of Rule 65(b)(1). Plaintiff's amended complaint is not verified. (Doc. # 8). Plaintiff also has not filed an affidavit in

3

support of the Motion. Further, Plaintiff's counsel has not filed a separate certification as required under Rule 65(b)(1)(B). See Kazal v. Price, No. 8:17-cv-2945-SDM-AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying motion for temporary restraining order in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an *ex parte* order").

Additionally, the Motion does not address whether Plaintiff has made any efforts to notify Defendants about the temporary restraining order Plaintiff seeks. See Thomas-McDonald v. Shinseki, No. CV 113-050, 2013 WL 12121316, at *1 (S.D. Ga. Apr. 3, 2013) (denying motion for temporary restraining order in part because the certification filed by Plaintiff's counsel "did not discuss good faith efforts to provide the individual Defendants with notice"); see also Wildman v. Wildman, No. 8:16-cv-1268-JDW-MAP, 2016 WL 9223822, at *1 (M.D. Fla. May 26, 2016) (denying motion for temporary restraining order where "Plaintiff [did] not provide[] any indication that she . . . made any effort to give notice to Defendant" and noting that "informal notice may be permitted in lieu of formal service").

4

Therefore, Plaintiff has not established that a temporary restraining order should be granted *ex parte*. The Court is mindful that "'[a]n *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution,' and the Court is unwilling to permit use of this extreme remedy in light of these deficiencies." Thomas-McDonald, 2013 WL 12121316, at *1 (quoting Levine v. Comcoa Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995)).

Even if Plaintiff sought a temporary restraining order issued with notice to Defendants, the Motion would still be denied because the Court is not convinced that Plaintiff will suffer irreparable harm if the Court does not enjoin Defendants from "(1) transferring, withdrawing, encumbering or in any way negotiating the funds in the bank accounts for Regions Bank[], and/or (2) transferring, selling, encumbering or in any way negotiating the investments, securities, cryptocurrency, stocks and/or interests in[]to those held in the names of all Defendants." (Doc. # 17 at 1). In the Motion, Plaintiff asserts that this Court should enter a temporary restraining order because "Defendants' actions in using Poker Unicorns cryptocurrency and/or funds for unauthorized purposes . . . demonstrate that there is an immediate substantial risk that Defendants will further squander,

5

transfer, sell, dissipate, disburse, encumber, or otherwise negotiate the funds, cryptocurrencies, securities, shares or interests that derive from Poker Unicorns funds and/or cryptocurrency." (Id. at 4). Importantly, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). Plaintiff seeks to recover funds and/or cryptocurrency from Defendants. Therefore, Plaintiff's injury can be addressed through monetary remedies.

Plaintiff's claim that it will suffer irreparable harm is also belied by the length of time that Plaintiff waited to move for injunctive relief. "A delay in seeking a preliminary injunction of even only a few months — though not necessarily fatal — militates against a finding of irreparable harm." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016). "Indeed, the very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." Id. So, "unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction motion" and many courts "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." Pals Grp., Inc. v. Quiskeya

6

Trading Corp., No. 16-23905-CIV-GOODMAN, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017)(citations and internal quotation marks omitted).

Here, Plaintiff initiated this action on December 8, 2023 — nearly three months before Plaintiff filed this Motion. (Doc. ## 1, 17). This multi-month delay in seeking injunctive relief strongly militates against a finding of irreparable harm for the sake of entering a temporary restraining order. See Pals Grp., Inc., 2017 WL 532299, at *6 (noting that three-month delay was "by itself sufficient grounds to deny [the] request for an injunction"); Rodriguez v. Bryson, No. 5:17-CV-10-MTT-CHW, 2018 WL 2750232, at *4 (M.D. Ga. June 7, 2018)("Although Plaintiff commenced this action in January 2017, Plaintiff did not file his initial motion for preliminary injunctive relief until June 2017. This five-month delay militates against a finding of irreparable harm." (citation and internal quotation marks omitted)). Plaintiff's filing of an amended complaint on January 29, 2024, (Doc. # 8), does not offset this overall delay, as it does not appear that the amended complaint includes any new facts that increase the need for injunctive relief.

In short, Plaintiff has failed to establish that it will suffer an irreparable injury if a temporary restraining order

is not granted before a hearing can be held. Therefore, the Motion is denied to the extent that is seeks a temporary restraining order. See <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000) ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

However, for the sake of judicial economy and to expedite the proceedings, the Court also construes the Motion as a motion for a preliminary injunction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Temporary Restraining Order Pending Hearing on Preliminary Injunction (Doc. # 17) is **DENIED** to the extent it requests a temporary restraining order.

(2) The Motion is also construed as a motion for a preliminary injunction on which the Court defers ruling at this time. The Court will hold a hearing on the motion on **April 2, 2024, at 9:00 AM** in Tampa Courtroom 14 B. Plaintiff is directed to immediately provide notice of this hearing to Defendants.

(3) Plaintiff's Motion to Seal Under Rule 1.11 (Doc. # 18) is **DENIED** without prejudice. At this time, the Court does not believe that filing the redacted information is necessary. Plaintiff may refile the Motion at a later date.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of March, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE