UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-02816-VMC-AAS

Poker Unicorns LLC

    Plaintiff,

v.

Jacob Lively, Barry Lively Johnny Paglino,
Kim Lively Puleo, Ellen Holmgren,
Mark Lively

    Defendants.
_____/

# **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT MARK LIVELY**

The Plaintiff, Poker Unicorns LLC ("Poker Unicorns LLC"), by and through undersigned counsel, submits this Motion for Default Judgment as to Defendant Mark Lively ("Defendant Lively") pursuant to Local Rule 1.10(c), and states as follows:

### I.    RELEVANT PROCEDURAL HISTORY

1.    The following is the relevant procedural history of this lawsuit giving rise to the Plaintiffs' request for the entry of a default against Defendant Lively:

2.    Plaintiffs filed this lawsuit on December 8, 2023 (See [DE 1]).

3. Plaintiff served each Defendant Mark Lively with a copy of the summons and complaint on March 7, 2024, (See [DE 27]).

4. As of the filing of this Motion, Defendant Lively has failed to make an appearance pro se or via counsel. Likewise, Defendant Lively has failed to respond to Plaintiff's Complaint.

## II. MEMORANDUM OF LAW

Upon entry of a clerk's default, a court may enter a default judgment pursuant to Rule 55(b)(2). When considering a motion for default judgment, the allegations in a well-pleaded complaint are established as fact and a default judgment is proper as long as there is a stated claim that allows for relief. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The standard to evaluate a claim on a motion for default judgment is "akin to that necessary to survive a motion to dismiss [under Rule 12(b)(6)] for failure to state a claim." *Id*. (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir.1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")). See also, *Quire v. Smith*, No. 20-60081-CIV, 2021 WL 630894, at *2 (S.D. Fla. Feb. 9, 2021), aff'd, No. 21-10473, 2021 WL 3238806 (11th Cir. July 30, 2021) (holding that "[t]he Eleventh Circuit has stated that a default judgment may only be entered where the Complaint is sufficient to withstand a motion to dismiss.") (citing *Surtain* 789 F.3d

1239 at 1245); *Substation Enterprises, Inc. v. Sayers Constr.*, LLC, No. 6:21-CV-1634-DCI, 2023 WL 23101, at *1 (M.D. Fla. Jan. 3, 2023) (accord).

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default judgment is warranted against a party who fails to plead or otherwise defend itself against allegations in a well-pleaded complaint. Fed. R. Civ. P. 55(a). Thus, Rule 55 of the Federal Rules of Civil Procedure permits this Court to enter a default against the Defendant Lively based on his failure to respond to Plaintiff's Complaint [DE 1], which the Plaintiffs respectfully request. Furthermore, the Court should not only enter the default, but the Court should also not entertain the idea of setting aside the default once entered, because it is obvious from the defendants' history in this case that the failure is either willful, or reckless. See, for example, *Tropic al Paradise Resorts, LLC v. JBSHBM, LLC., 343 F.R.D*. 443 (SDFL 2023) (A party "willfully defaults," as factor weighing against good cause needed to vacate entry of default, by displaying either an intentional or reckless disregard for the judicial proceedings.) "[A] 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.' " *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951).

It is undisputed that Defendant Lively has failed to appear, plead or otherwise defend himself against the well-pleaded allegations in Plaintiff's Complaint [DE 1].

### III. CONCLUSION AND PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court, after considering the law, and the information and analysis discussed in this memorandum, grant Plaintiffs a default against Defendant Lively in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, and Local Rule 1.10(b) of the Middle District of Florida.

Respectfully submitted,

/s/ *David M. Fraguio*
David M. Fraguio, ESQ.
Florida Bar No. 1016475
Victor A. Ruiz, Esq.
Florida Bar No. 85353

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on this 10th day of April 2024, through the Clerk of the Court by using the CM/ECF system to counsel of record.

/s/ *David M. Fraguio*
David M. Fraguio, ESQ.
Florida Bar No. 1016475